UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:02-CR-16 CAS |
| RASHEEN JOHNSON, | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant's pro se motion for credit for time served. [Doc. 104] According to defendant's motion, there is a request pending with the Bureau of Prisons that he receive credit for the time he served in federal custody awaiting trial. In his motion, defendant appears to be requesting that the Court express an opinion to the Bureau of Prisons as to whether defendant should be given credit for the time he spent awaiting trial. For the following reasons, the Court declines to grant defendant's motion.

The Bureau of Prisons, not the district court, determines the credit for time served. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (citing to United States v. Iversen, 90 F.3d 1340, 1344-45 (8th Cir. 1996)). Administrative procedures exist within the Bureau of Prisons to review claims of failure to credit time served. See Rogers v. United States, 180 F.3d 349, 358 (1st Cir.1999). Defendant has filed a claim under the Bureau of Prisons' administrative procedures regarding his jail-time credits, and his claim is still pending. Defendant, therefore, cannot seek relief from the district courts until his claim has been exhausted.[1] United States v. Chappel, 208 F.3d 1069,

---

[1]In any event, defendant has not filed his claim in the proper district. A § 2241 habeas petition for judicial review of any jail-time credit determination by the Bureau of Prisons must be filed (i) in the district where the petitioner is confined; (ii) in the United States District Court for the District of

1069 (8th Cir. 2000) (a habeas petition made pursuant to 28 U.S.C. § 2241 is the proper way to challenge a failure to credit a defendant for time served in pretrial detention, but only after administrative remedies have been exhausted by first presenting the claim to the Bureau of Prisons). In light of controlling law, the Court declines to express an opinion as to whether defendant should be credited for the time he spent in detention awaiting trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for an order concerning credit for time served is **DENIED.** [Doc. 104]

                                                 /s/ Charles A. Shaw
                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this   21st   day of February, 2008.

---

Columbia; or (iii) in any district in which the Bureau of Prisons maintains a regional office. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000). Defendant is confined outside this district, and the Bureau of Prisons does not maintain a regional office in the Eastern District of Missouri.