**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:02-CR-16 CAS |
| | ) | |
| RASHEEN D. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a letter from defendant Rasheen D. Johnson, which the

Court construes as a pro se motion to clarify or revise the Judgment for Revocation in this case. The

government filed no response to defendant's request. For the following reasons, defendant's motion

is denied for lack of jurisdiction.

*Background*

On October 2, 2003, a jury found defendant guilty in this Court of being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 18, 2003, the undersigned

sentenced defendant to a term of 90 months imprisonment and two years supervised release. Doc.

76. Defendant served his term of imprisonment, and supervision commenced on February 18, 2011.

On September 21, 2011, the U.S. Probation Office of the Eastern District of Missouri

requested that the Court issue a warrant for defendant's arrest because he had violated the terms of

his supervision in that, among other things, he had committed another crime. More specifically, it

was alleged that defendant had been arrested in connection with a bank robbery.

Defendant was charged in both state and federal court for conduct that occurred on

September 19, 2011. On November 10, 2011, defendant was charged in Missouri state court on the

following charges: Robbery 1st Degree; Armed Criminal Action; Resisting Arrest; Unlawful Use of a Weapon; Unlawful Possession of a Firearm; and Receiving Stolen Property. State v. Rasheen Johnson, No. 1122-CR05615 (Mo. Cir. Ct., 22nd Jud. Cir.) Defendant was indicted in federal court on May 4, 2012, for Robbery of a Federally Insured Institution; Attempt to Rob a Person Having Lawful Charge, Control or Custody of Any Mail Matter, Money or Other Property of the United States; two counts of Possession of a Firearm in Furtherance of a Crime of Violence; and Felon in Possession of a Firearm. United States v. Johnson, 4:12-CR-145 HEA (E.D. Mo.).

On May 22, 2012, the undersigned found defendant guilty of violating the terms of his supervised release. Defendant was ordered to be committed to the custody of the Bureau of Prisons for a term of imprisonment of 24 months. The undersigned wrote in the Judgment for Revocation: "This sentence shall be served concurrent to any sentence received for any new federal charges as a result of his criminal activity for this term of supervised release." Doc. 137 at 3. This is the Judgment defendant asks the Court to clarify or revise.

On March 14, 2013, plaintiff pleaded guilty in Missouri state court on all the charges against him, and he was sentenced to a term of 18 years imprisonment starting June 14, 2013.[1] On April 19, 2013, the U.S. Attorney for the Eastern District of Missouri filed a motion to dismiss the indictment against defendant in 4:12-CR-145 HEA, which was granted. Defendant is currently in Missouri state custody serving his 18-year term of imprisonment for the state charges. He is incarcerated in the Moberly Correctional Center, in Randolph County, Missouri.

---

[1]The record is silent as to whether the Missouri state court ordered that the sentence should run concurrently or consecutively to defendant's federal sentence. It is well settled, however, that a state court's intent as to whether a state sentence should run concurrently or consecutively to a federal sentence is not binding on a federal court or the Bureau of Prisons. See Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996).

In his letter to the Court, defendant writes that the Court stated at sentencing that the 24-month sentence for violating the terms of his supervised release was to run concurrent with any time defendant received for the bank robbery. Defendant also states in his letter: "Originally they look[ed] at your Court Order and ran my supervised release concurrent with my state case. Because this was your intention. But now 7 years latter [sic] the record office and the Marshalls [sic] are saying my 24 months is consecutive to my state time." Doc. 142 at 1. Defendant asks that the Court "specify" his sentence and "correct" his detainer, so that his federal and state sentences run concurrently. Id. at 1-2.

## *Discussion*

At the outset, the Court notes that at the time of sentencing a district court has "broad discretion" to determine whether a sentence should be consecutive or concurrent with a yet-to-be-imposed state sentence. United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001); see also United States v. Gurski, 317 F. App'x 582, 583–84 (8th Cir. 2009). The district court's authority to revise a sentence after it has been imposed, however, is very limited. Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007). The BOP "is responsible for computing the sentencing credit after the defendant has begun serving his sentence." United States v. Woods, 717 F.3d 654, 658 (8th Cir. 2013) (quoting United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006)); see also United States v. Wilson, 503 U.S. 329, 335 (1992) ("[a]fter a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence").

A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" the BOP has designated. 18 U.S.C. § 3585(a). The BOP is authorized

3

to designate "any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). "The BOP may do this in advance of prisoner placement or through a <u>nunc pro tunc</u> order designating the state facility after the fact." <u>Elwell v. Fisher</u>, 716 F.3d 477, 486 (8th Cir. 2013) (citing <u>Dunn v. Sanders</u>, 247 F. App'x 853, 854 (8th Cir. 2007)).  The BOP has "broad discretion to choose the location of an inmate's imprisonment," so long as "the factors enumerated in the statute are considered." <u>Fegans</u>, 506 F.3d at 1104 (citing <u>Fults v. Sanders</u>, 442 F.3d 1088, 1090-91 (8th Cir. 2006)).[2]  Therefore, "when a federal defendant is already serving a state sentence, BOP has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.'" <u>Fegans</u>, 506 F.3d at 1104 (quoting <u>Romandine v. United States</u>, 206 F.3d 731, 738 (7th Cir. 2000)).

The BOP has promulgated procedures to address an inmate's request for the designation of a state institution as the place to serve a federal sentence. <u>See</u> Federal Bureau of Prisons, U.S. Dep't of Justice, <u>Program Statement No. 5160.05</u> (Jan. 16, 2003).  The request can be made whether the prisoner is serving time in federal or state custody. <u>Id.</u> at 9.  After the BOP has made its

---

[2] The BOP is to consider:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

determination, a prisoner make seek judicial review of the BOP's decision, however, the prisoner must exhaust the available administrative remedies. Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009); United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). After exhausting his administrative remedies, a prisoner may bring a habeas action under 28 U.S.C. § 2241 challenging the BOP's execution of his sentence. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); see also Wilson, 503 U.S. at 335; Pardue, 363 F.3d at 699. Any such action must be filed with the federal court located in the district where the prisoner is incarcerated. Id.

In this case, there is nothing in the record indicating that defendant made a request with the BOP for concurrent service of his state and federal sentences, that the BOP made a determination regarding defendant's request, or that defendant exhausted his administrative remedies. If defendant has exhausted his administrative remedies, he needs to file a habeas action under 28 U.S.C. § 2241 in the U.S. District Court located in the district where defendant is incarcerated. The Court finds, therefore, that it does not have the authority to grant the relief defendant requests.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Rasheen D. Johnson's letter to the Court, construed as a Motion to Clarify or Revise the Judgment for Revocation, is **DENIED** for lack of jurisdiction. [Doc. 142]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2018.

5